# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MERRITT ANDREW PARKS,**

    Plaintiff,

v.                                                 Case No. 19-CV-536

**STATE OF WISCONSIN**
**DIVISION OF HEARINGS AND APPEALS,**

    Defendants.

## ORDER

Merritt Andrew Parks, a *pro se* inmate at Fox Lake Correctional Institution, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by revoking his extended supervision and re-confining him to a sentence of three years and four days for absconding for crimes he committed and for which he already served time. This matter is before the court on Parks's motion to proceed without prepayment of the civil case filing fee (ECF No. 2) and for screening of his complaint (ECF No. 1).

The court has jurisdiction to resolve Parks's motion to proceed without prepayment of the filing fee and to screen his complaint in light of Parks's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On May 21, 2019, the court ordered Parks to pay an initial partial filing fee of $124.95. (ECF No. 11.) Parks paid the full filing fee on May 23, 2019. As such, the court will deny his motion.

2. *Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2.1  *Allegations in the Complaint*

Parks alleges that on October 23, 2018, during his revocation hearing, administrative law judge M. Nitti ordered his "extended supervision in Sauk County Case number 08CF11 to be revoked." (ECF No. 1 at 2) Nitti ordered Parks "reconfined back to prison for three year and four days" in response to allegations submitted by Parks's parol agent, Joshua Statz. (*Id.* at 3.)

Parks alleges that Statz said Parks "abscond[ed] for three and a half years." Parks assert, however, that during that time he had committed and served sentences for other crimes in two other states. He states he should not be penalized twice for the same crimes.

Parks says that his original sentence regarding his Sauk County case was for five years: two years imprisonment and three years' probation. He asserts that his newly imposed imprisonment goes beyond that which is allowed under Wisconsin

3

state law regarding probation violations. He notes that under Wisconsin law he should have received either a "A.T.R. or sanctions." (ECF No. 1 at 4.) Parks further asserts that "under Wisconsin state statutes 302.113(8M) (a)(9), (AM) 973.01 Bifurcated Sentence (2) if a person is released to extended supervision under this section and violates a condition of the extended supervision and is revoked and returned to prison for any time not to exceed the time that is remaining." (*Id*. at 4-5.) He states, therefore, that his prison sentence is "unlawful and false imprisonment" and violates his constitutional rights. (*Id*.)

Parks seeks compensatory and punitive damages and to be released from custody.

2.2    *Analysis*

Before moving to Parks's substantive claims, the court notes that he has named only the State of Wisconsin Division of Hearings and Appeals as the defendant. However, this entity is not subject to suit under § 1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The State of Wisconsin Division of Hearings and Appeals is not a person—it is not an individual subject to suit under § 1983. *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); 42 U.S.C. § 1983.

Even if Parks had named a proper party, he would not be able to proceed with his claim. Section 1983 allows for claims regarding the deprivation of constitutional rights such as those regarding a prisoner's conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, claims concerning the fact and

4

duration of a prisoner's confinement must be brought under § 2254 in a petition for writ of habeas corpus. *Id.*; *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam). An issue is cognizable in habeas corpus when the success of the claim would necessarily imply the invalidity of the plaintiff's confinement or require adjustment to his confinement's duration. *See Preiser*, 411 U.S. at 489-90. If it would, then this court must dismiss the plaintiff's § 1983 complaint. The Supreme Court has held that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 485 (1994).

Parks alleges that his extended release was improperly revoked and that the duration of his current sentence is in violation of Wisconsin state law. Such claims clearly imply review of the validity of Parks's confinement and its duration. Thus, it cannot be brought under § 1983 and must be brought under a § 2254 petition for writ of habeas corpus. *See Preiser*, 411 U.S. at 500. Accordingly, the court will dismiss the complaint.

The court notes that if Parks decides to file a federal habeas petition, he will have to demonstrate that he has exhausted his applicable state court remedies (such as appeal) remedies, and he must make sure that he timely files his petition under 28 U.S.C. § 2244(d). The court will mail Parks a pro se guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order.

**IT IS THEREFORE ORDERED** that Parks's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Parks offers bonafide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2019.

**BY THE COURT:**

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge